## BROWN v. BRACKETT.

A confirmation of a claim to land in California under a grant from the former Mexican government, obtained under the act of Congress of March 3d, 1851, is limited by the extent of the claim made; and the decree of confirmation cannot be used to maintain the title to other land embraced within the boundaries of the grant.

ERROR to the Supreme Court of the State of California, the action being ejectment for lands in that State, on which judgment was rendered for the defendant in a District Court of the State and affirmed by the Supreme Court.

*Mr. C. T. Botts, for the plaintiff in error; Mr. J. M. Coghlan, for the defendant in error.*

Mr. Justice FIELD stated the case, and delivered the opinion of the court, as follows:

This is an action for the possession of certain real property situated in the county of Marin, in the State of California. The premises are embraced within the boundaries of a grant made by the former Mexican government to one Ramon Mesa, in March, 1844. Through Mesa the plaintiff derives his interest; and as evidence of the recognition and confirmation of Mesa's title, produces a decree of the District Court of the United States for California confirming, under the act of Congress of March 3d, 1851, a claim of one Vasques to a portion of the land covered by the same grant; and he insists that as the confirmation of that claim involved a recognition of the validity of the grant, this decree may be invoked for the maintenance of his title to the remaining portion of the premises.

It is undoubtedly true, as contended by counsel, that the tribunals of the United States in acting upon grants of land in California of the former Mexican government, under the act of 1851, were concerned only with the validity of the grants as they came from that government, and were not interested in any derivative titles from the grantees further than to see that the parties before them were *bonâ fide* claimants under the grants. And it is also true that the decrees of confirmation, and the patents which followed, inured to the benefit of all persons deriving their interests from the confirmees. But in these positions there is nothing which gives countenance to the pretensions of the plaintiff in this case. Every confirmation is limited by the extent of the claim made; and it does not follow that because the tract embraced within the description of the grant is more extended than the land claimed, that the confirmation would have been made to any greater amount than that claimed if it had been prayed. Good reasons may have existed why the remaining portion could not be confirmed, and why its confirmation was not, therefore, asked. The remaining portion may have consisted of lands not subject to grant under

the colonization laws of Mexico; or it may have been previously granted to other parties by the Mexican government; or it may have been subsequently acquired by that government previous to the cession, or by our government subsequently. Whatever the reasons the confirmation covered nothing and protected nothing beyond the claim asserted. ·

After the full and elaborate consideration which has been heretofore given in this court, in the numerous cases before it, to Mexican grants in California, we do not feel called upon to say more as to the effect of a confirmation of claims under them. Every conceivable point respecting these grants, their validity, their extent, and the operation of decrees confirming claims to land under them, has been frequently examined; and the law upon these subjects has been repeated even to wearisomeness.

JUDGMENT AFFIRMED.